UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-85 (ECT/LIB)

UNITED STATES OF AMERICA,

                Plaintiff,                  **PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

    v.

DANIEL JAMES FAIRBANKS,

                Defendant.

The United States of America and **DANIEL JAMES FAIRBANKS** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal, tribal, or state agency.

1.    **Charges**.  In exchange for the concessions of the United States contained in this plea agreement, the defendant voluntarily agrees to plead guilty to Count Two of the Indictment, which charges the defendant with Possession with Intent To Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). The defendant fully understands the nature and elements of the crime charged and is pleading guilty because he is guilty of Count Two of the Indictment. The United States agrees it will move to dismiss Count One of the Indictment at sentencing.

2.    **Factual Basis**. By pleading guilty, the defendant admits the following facts and that those facts would establish his guilt beyond a reasonable doubt:

On October 7, 2019, the defendant visited the Seven Clans Casino, which is located on the Red Lake Indian Reservation within the State and District of Minnesota. During this visit, the defendant repeatedly moved between the casino floor, a hotel room, and the parking lot. The defendant briefly interacted with a large number of individuals in each location. These interactions included frequently entering and exiting the back seat of numerous vehicles in the parking lot. The primary purpose of these interactions was for the defendant to distribute small amounts of methamphetamine to others in exchange for cash.

Law enforcement officers eventually approached the defendant near the casino gift shop. The defendant immediately responded by informing the officers that he had a gun in one pocket and "dope" in the other. Law enforcement officers recovered a loaded Raven Arms P-25 pistol from one of the defendant's pockets and a small black bag containing a crystalline substance from his other pocket. The substance within the black bag weighed 80.28 grams, and field-tested positive as a substance and mixture containing methamphetamine. Subsequent laboratory testing confirmed that the purity of the defendant's methamphetamine was at least 91%.

The defendant knowingly engaged in the possession of 80.28 grams of methamphetamine with the intent to distribute that methamphetamine to others.

3.     **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. In fact, the defendant has filed numerous pre-trial motions that remain pending. As part of this plea agreement, and based on the concessions of the United States within this plea

agreement, the defendant knowingly, willingly, and voluntarily withdraws his pending motions, and to file and litigate pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or—in certain circumstances—to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Statutory Penalties**. The defendant understands that Count Two of the Indictment (Possession with Intent To Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)) carries the following maximum statutory penalties:

      a.     a mandatory minimum imprisonment term of 5 years;

      b.     a maximum imprisonment term of 40 years;

      c.     a maximum supervised release term of 5 years;

      d.     a maximum fine of $5,000,000;

      e.     a mandatory special assessment of $100.

6.    **Revocation of Supervised Release**.   The defendant understands that, upon release, he will be subject to conditions of supervised release. The defendant understands that if he violates any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original term of supervised release, subject to the statutory maximum set forth in 18 U.S.C. § 3583.

7.    **Guidelines Calculations**.    The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* The parties also acknowledge that the Court will independently consider the United States Sentencing Guidelines in determining the appropriate sentence. Nothing in this plea agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties stipulate to the following guidelines calculations:

a.    Base Offense Level. The parties agree that the base offense level is **30** because the defendant possessed at least 50 grams but less than 150 grams of actual methamphetamine. U.S.S.G. § 2D1.1(a)(5).

b.    Specific Offense Characteristics. The parties agree to a **2-level increase** in the base offense level because the defendant possessed a firearm during the commission of the offense. U.S.S.G. § 2D1.1(b)(1).

c.    Chapter 3 Adjustments. Apart from acceptance of responsibility, the parties agree that no Chapter 3 adjustments apply.

d.    Acceptance of Responsibility.   The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant

4

understands that the Court likely will consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional **1-level reduction** because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

e.   Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category VI**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.   Guidelines Range. If the adjusted offense level is **29** (30+2-3), and the criminal history category is **VI**, the Guidelines range is **151-188 months of imprisonment**.

g.   Fine Range. If the adjusted offense level is **29**, the Guidelines fine range is $30,000 to $300,000. U.S.S.G. § 5E1.2(c)(3).

h.   Supervised Release. The Sentencing Guidelines recommend a supervised release term of at least two years but not more than five years. U.S.S.G. § 5D1.2(a)(1).

i.   Release Pending Sentencing. The parties agree jointly to recommend—consistent with the support of United States Probation and Pretrial Services—that the defendant be released pending sentencing to receive intensive in-patient treatment at Juel Fairbanks in Saint Paul, Minnesota. The defendant agrees to comply fully with all conditions of his release. Moreover,

regardless of whether his treatment is successful, the defendant agrees not to abscond and to maintain all required contact with United States Probation and Pretrial Services. Finally, the defendant agrees to report as required for sentencing.

The defendant understands that his offense is subject to Mandatory Detention Act, 18 U.S.C. § 3143(a)(2), and the parties' recommendation for release is not binding on the Court. The defendant's potential release is within the Court's sole discretion. The defendant may not withdraw from this plea agreement if the Court decides not to release the defendant to this treatment program.

j. <u>Sentencing Recommendation and Departures</u>. Assuming the defendant fully complies with the requirements of Paragraph 7(i) governing his presentencing release, or in the event the Court does not permit the defendant's presentence release, the parties agree to move jointly for a downward variance from the advisory Guidelines range. The basis for the downward variance is because this matter is uniquely situated as a crime occurring within Indian County, the defendant's criminal history is largely nonviolent and correlated to his drug addiction, and the defendant immediately accepted responsibility for his actions and elected to plead guilty. In such an event, the United States agrees to recommend a sentence of no greater than 90 months. The defendant reserves the right to argue for a mandatory-minimum sentence.

If—in the sole discretion of the United States—the defendant fails to comply with the requirements of Paragraph 7(i) governing his presentencing release, the United States agrees to recommend a sentence within the applicable advisory Guidelines range.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines

6

that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for this felony conviction, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3.

10. **Criminal Fine.** There is no agreement between the parties as to the appropriate fine.

11. **Forfeiture.** The defendant agrees to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the Indictment, including, but not limited to, the seized Raven Arms, model P-25, .25 caliber pistol, bearing serial number 206196, along with any seized ammunition. The government reserves its right to seek the direct forfeiture of specific assets, a money judgment forfeiture against the defendant, and the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

12. **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues, including, but not limited to the constitutionality of the statutes to which he is pleading guilty, and whether his admitted conduct falls within the scope of those statutes. The parties

agree, however, that excluded from this waiver is the defendant's right to appeal a term of imprisonment that exceeds 90 months' imprisonment. In addition, the defendant has been advised of his right to file a petition under 28 U.S.C. § 2255, and expressly waives the right to file such a petition, except for reserving the right to raise a claim of ineffective assistance of counsel in such a petition. The defendant understands the rights being waived, and he waives these rights knowingly, willingly, and voluntarily. In exchange, the United States waives its right to appeal the sentence imposed.

13. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement**. This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant. Other than this plea agreement, the defendant acknowledges that no threats, promises, or representations have caused the defendant to plead guilty. The defendant acknowledges that he has read this plea agreement and carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts each term and condition of this plea agreement.

ERICA H. MacDONALD
United States Attorney

Date: 8/26/2020

8

FOR:
BY:      JORDAN L. SING
Assistant United States Attorney

Date: 8-24-20

DANIEL JAMES FAIRBANKS
Defendant

Date: 8/25/2020

STEVEN J. WRIGHT
Counsel for Defendant

9